MATHIAS STONE and MARVIN STONE, Plaintiffs in Error,

*vs.*

HORATIO G. TALBOT, Defendant in Error.

ERROR TO THE COUNTY COURT OF MILWAUKEE COUNTY.

Where a debtor who owes money upon several distinct contracts, makes payments without designating upon which of the contracts he wishes to have the same applied, the creditor is at liberty to apply them in such manner as he thinks proper; *Provided*, there is no dispute between the parties, as to the amount due upon, or the validity of the contract, to which the creditor has applied the payments made by the debtor.

A creditor claiming upon two distinct contracts, has not the right to apply payments made by the debtor, without designation, to the one or the other at his option, unless the validity of both contracts, and the indebtedness thereon, are admitted by the debtor, or established at the trial.

It was claimed that A. was indebted to B. upon two distinct contracts, one of which was under seal and the other not under seal, and A. was sued upon both of the contracts in separate suits; at the trial of the action of covenant the plaintiff read in evidence the contract upon which the suit was brought and proved performance of the covenants on his part; the defendant then introduced evidence to show that payments had been made by him to the plaintiff without designation as to what particular indebtedness they were to apply. *Held*, that the plaintiff had the right to show that the payments were made on account of indebtedness arising upon a contract other than the one which was the subject matter of the suit, and that for the purpose of showing that fact, he had the right to read that contract to the jury.

THIS was an action of covenant brought by the plaintiff below against the defendant below upon a contract under seal made and entered into by the said parties on the 20th day of February, 1854, at the city of Milwaukee, wherein Talbot, the defendant in error, covenanted and agreed with the two Stones, who were copartners, to manufacture and finish in good substantial and workmanlike manner, forty thrashing machines of a certain kind, to be made of the same form, style and finish, as the said Talbot had made for the Stones the year previous, of which said thrashing machines twenty were to be ready for delivery on the first day of July then next, and the other twenty on the first day of August then next following, and to deliver all the machines on wagons or drays at the manufactory. The

Stones covenanted and agreed by the said contract under seal, to furnish to Talbot all the necessary stock and material for the construction of the aforesaid machines according to certain specification bills referred to in said contract; further to let the said Talbot have the shop then occupied by them with all the tools and machinery, engine, boiler and fuel for the same, for the purpose of manufacturing the said machines, until the first day of August then next. The Stones further agreed to pay to Talbot for the said machines $3,160, in monthly payments, on or before the tenth day of each month in such sums as should be due on the first day of the same month.

There were several other agreements contained in said contract, which are not material to be stated for the purposes of this case.

The plaintiff below in his declaration, alleged performance, &c., on his part of what was to be performed, fulfilled and kept according to the tenor and effect, true intent and meaning of said contract, and alleging non-performance, &c., on the part of the defendants below, to the damage of the plaintiff below of ·$5,000, and filed a copy of the said contract under seal on which the action was brought, with bill of particulars.

The defendants below filed their plea, alleging non-performance specifically of the covenants and agreements on the part of the plaintiff below, and also alleged damages by reason of such non-performance on the part and behalf of the plaintiff below. They also pleaded by way of set-off the common money counts, and offered to set off and allow to the plaintiff below the full amount of damages sustained by him, according to the form of the statute in such case made and provided, and prayed judgment for balance due from plaintiff below to defendants below; and filed their bill of particulars, together with a supplementary bill of particulars.

Upon this issue the cause came on for trial at the June term of the Milwaukee County Court, A. D. 1854. Upon the trial the counsel for the plaintiff below first introduced and read in evidence, the said contract under seal on which the suit was brought, and then produced and examined a number of witnesses to prove performance on his part and behalf, according to the terms of the said contract under seal, extra work, &c., and without proving a delivery of the machines according to the contract, rested his cause.

The counsel for the defendants below then called witnesses to prove the allegations in their plea, and among others, recalled Mathias Stone, one of the defendants below, who had first been called by the plaintiff below, before resting his cause. The counsel for plaintiff objected to Stone further testifying in the cause, which objection was overruled by the court, and exception was taken to the ruling of the court.

Stone then took the stand, and by him as well as by former witnesses called on the part of the defendants, payment was proved to have been made by the defendants to the plaintiff, of several sums of money, as noticed in their bill of particulars, together with stock, materials, &c., had by plaintiff, amounting in the aggregate to a greater sum than was proved to be due by the plaintiff from the defendant, on the contract on which this suit was brought.

Upon the cross-examination of Stone, the counsel for the plaintiff below then offered to show that there was another contract between the parties in suit for building similar machines, and in proof thereof introduced a written contract signed by the parties, and not under seal, of which the following, on account of the loss of the one in question, was admitted by the parties to be in substance a copy:

"Agreement made between Mathias Stone and Marvin Stone, of one part, and Horatio G. Talbot of the other part, the 8th day of April, A. D. 1854, at the city and county of Milwaukee, by which it was agreed that the said Horatio G. Talbot should make, build and finish in a good, substantial and workmanlike manner, twenty separators of the same style and finish as those made by the said M. and M. Stone, in the year 1853, and five climax horse powers and fifteen Pitts' horse powers, to be completed and ready for delivery on or before the 15th day of September, unless said work should be delayed for want of materials. And by said agreement so made, it was further agreed that the said M. and M. Stone should pay to the said H. G. Talbot for the same the sum of $1,580, in monthly payments in such sums as may be due on the first day of each month, to be paid on or before the 10th day of same month, also to furnish all materials necessary for the construction of said machines, as the progress of the work may require, to furnish fuel for the engine, and to extend the

possession of the shop and tools to the said Talbot, until all the said machines are completed."

. (*Signed by the parties in suit.*)

To which offer and the introduction of said contract on the part of the plaintiff, the counsel for the defendants objected, for the reason that it was not responsive to anything testified to by the witness on his direct examination, and because the proof so offered was the introduction of new matter, which should have been offered before the plaintiff rested his cause ; and because the contract so offered to be read on the trial of this cause, was not made between the parties to modify or alter the terms of that on which the suit was brought, but a separate and distinct contract, both in law and fact; and because it was doing indirectly what could not directly be done—blending two different and distinct causes of action into one—and finally because it was irrelevant and impertinent. Which objection was overruled by the court, and the counsel for the defendants did then and there except to said ruling of the court as aforesaid, and the said contract of the 8th of April, 1854, was then read on the trial, and admitted by Mr. Stone to be such a contract as it purported to be between the parties.

The counsel for the plaintiff then claimed the right to apply a portion of the payments proved to have been made by the defendants to the plaintiff, on the said contract of the 8th of April aforesaid, and especially to indorse on said contract a payment of $520, made by the defendants on the 3d day of July, 1854. To which right the counsel for the defendants objected, because it applied on the first contract on which this suit was brought, and was part of the offset of defendants, and filed in their bill of particulars, and because the plaintiff had no right in law to make such application, which objection the court overruled, and gave as a reason, " That if there were two debts and payments made by the debtor without making any application to either, the creditor might thereafter apply them to which he chose, and that the plaintiff might elect to apply a portion of the payments made by the defendants on the contract and bill of particulars in the other suit." To which opinion, judgment and ruling of the court the counsel for the defendants excepted. And the counsel for the plaintiff then indorsed the said payment

of $520 on the last-named contract of the 8th of April aforesaid, and did further reduce to writing an election of the application of other payments proved to have been made by defendants as follows:

[*Title of suit.*] "The plaintiff in the above suit hereby elects to apply all the payments made by the defendants to him before the 1st day of August, A. D. 1854, on the contract for the making of the forty machines, being the same on which the suit is brought, except the payment of the $520, made on the 3d day of July, A. D. 1854, which he has already applied on the other contract of the date of April, 1854, on which a suit is now pending in said court, and said plaintiff further elects to apply all the payments made on or after the first day of August, A. D. 1854, on the said contract of the 8th day of April, and his account against them sued in the said other suit.

(Signed)              " H. G. TALBOT."

To which election the counsel for the defendants objected, for the reason that the plaintiff had not made his election as to the payments before the cause was commenced and brought on for trial, or before resting his cause in the suit—and because the plaintiff had not made said election a part of his pleadings in the cause, and apprised the defendants in time to enable them to show at the trial that the different payments made were intended and did apply on their indebtedness, according to priority of time; and because the plaintiff, by his pleadings in that behalf, committed the application of said payments to the disposition of the law and evidence; and because it was for the determination of the jury, as to the intention of the application of the payments at the time they were made, if any was made, by either of the parties, and if no such application had been made up to the time of trial, the law makes the application; and finally, because it was unjust, inequitable and inconsistent with principle, precedent and authority. Which objection the court overruled, and decided that the plaintiff had the right to make such election, and that the same should be admitted and allowed. To which ruling, judgment and decision of the court, the counsel for the defendants did then and there except. And the counsel for the plaintiff then filed the said election in writing among the papers in the cause.

And the said Mathias Stone further testified in the cause to the effect that the defendants sustained damages by reason of the non-performance of the contract on which the suit was brought on the part of the plaintiff, and also to the effect of pay· ments made to the plaintiff generally, and every month.

After the defendants rested, the counsel for the plaintiff called a number of witnesses as rebutting testimony, and among the rest the plaintiff himself, who testified on his cross-examination · on the subject of payments made by the defendants, as follows : * * * * The sum of the payments testified to have been made by the plaintiff, amounts to about $4,042.95, all of which was pleaded in set-off by the defendants, and included in their bill of particulars in this cause.

Upon the submission of the case to the jury, the court charged the jury, " that to entitle the said plaintiff to a verdict, it was not necessary that there should be proof of the delivery of the powers and separators in drays or wagons, according to the terms of the contract, and that there was sufficient performance of the conditions precedent without that, to entitle the plaintiff to a recovery." To which opinion and charge the counsel for the defendants did except, and the court did further charge the jury, that: " The general rule in regard to the application of payments is, that when a partial payment is made by a per· son indebted on more than one account, the party paying may make such application of it as he chooses. If he omits to make the application, then the creditor may do so whenever he pleases, and to whichever account he pleases. If neither party apply the payment, the application devolves on the court, who will make such appropriation as is reasonable and equitable; the jury would, therefore, in making up the account between the parties, in ascertaining the balance, if any due to the plaintiff, not take into account any payments shown to have been made to the plaintiff, since August 1st, 1854, unless such payments are shown to have been made and applied on the contract, and they would also reject the item of $520, made under date of July 3d, 1854." To which opinion and charge of the court, the counsel · for the defendants excepted.

The counsel for the defendants did then and there reduce to writing, and request the court to give to the jury the following

instructions : " That if you find the conditions of the contract fulfilled on the part of the plaintiff, so as to entitle him to recover, you are to allow the payments of the money made by the defendants in set-off, according as you find from the evidence and circumstances of the case, how and where they were to be applied by both or either of the parties, when the said payments were made; and if you find no application so made, the law makes the application, and in doing so, respects priority of credits, where you shall apply the said payments." Which instruction the court refused to give to the jury, and to which refusal the counsel for the defendants excepted.

The jury retired and brought in a verdict for the plaintiff below of $1,042.34 damages, and a judgment was rendered therefor with costs.

To reverse which judgment the present writ of error is sued out.

*Starkweather & Cameron*, for plaintiffs in error.

*James H. Paine & Sons*, for defendants in error.

*By the Court*, WHITON, C. J.   We do not think that the judge before whom the cause was tried, committed any error in permitting the contract to be read to the jury as evidence, for the purpose of showing that the payments which the defendants had proved, were intended to apply upon that contract, and not upon the one which was the subject matter of the suit.   It appears that, after the contract which the defendants were sued upon, was read to the jury, and after proof had been introduced on the part of the plaintiff to show a performance on his part, the defendants introduced testimony tending to show that payments had been made to the plaintiff of various sums of money, without designation as to what particular indebtedness they were to apply.   Under such circumstances it is clear that the plaintiff had the right to show that the payments were made on account of indebtedness arising upon a contract other than the one which was the subject matter of the suit; and for the purpose of showing that fact, he had the right to read the contract to the jury. . It appears to have been read to the jury for no other purpose, and the reading of it for such a purpose was entirely proper.

The plaintiffs in error contend that the judge erred in instructing the jury that the plaintiff had performed his part of the contract.

The contract was one by which the plaintiff agreed to construct a number of machines for the defendants, and the defendants agreed to pay for the same, the sum of money named in the contract. The defendants contend that the delivery of the machines was a condition precedent to the plaintiff's right to recover, and that the question of delivery should have been left to the jury. If the question of the delivery of the machines was controverted at the trial, the proof upon that subject should have been left to the jury under proper instructions from the court. But we cannot tell from the bill of exceptions, what the proof was in regard to a delivery of the machines, nor whether the fact of the delivery of the machines was a matter in dispute between the parties.

We shall therefore decline to express any opinion upon the ruling of the judge upon that subject.

It appears from the bill of exceptions, that the judge permitted the plaintiff to apply all the payments which had been made by the defendants, before the 1st day of August, 1854, upon the contract which was read at the trial and which was not the one in suit. The defendants objected to this application of the payments, and excepted to the ruling of the judge allowing it. It has been decided in a great number of cases, and indeed does not now appear to be controverted, that when a debtor who owes money upon several distinct contracts, makes payments without designating upon which of the contracts he wishes to have the payments applied, the creditor is at liberty to apply them in such manner as he shall think proper. 6 *Taunt. R.* 597; 2 *Maul. & Sel.* 18; 4 *Cranch*, 317. But this does not overcome the objection to the ruling of the judge in this case. It is apparent that this power of the creditor to make the application of payments as he shall choose, ought not to exist, except in regard to actual existing debts admitted to be such by the debtor, or established to be such by testimony.

To allow a creditor to apply payments thus made, to a debt which he claimed to have against the debtor, but the existence of which the latter denied, would be to compel him to pay, per-

haps, a fraudulent claim which the creditor had set up against him, without the possibility of defending against it.

In this case it was admitted that an action at law had been commenced by the plaintiff against the defendants upon the contract, to pay which the payments were applied by the plaintiff; and that the defendants were defending the suit. We do not see, therefore, how it could have been determined without a trial, that there was any indebtedness from the defendants to the plaintiff upon that contract. The defendants did not admit it, and certainly the court ought not so to have decided without a trial. Further, in this case it appears, that the liability of the defendants upon the contract, was contingent upon the performance of it by the plaintiff on his part. The contract did not, therefore, establish an indebtedness *prima facie* against the defendants without proof that the plaintiff had himself performed his part of the contract.

We are, therefore, of opinion that the judge erred in allowing the plaintiff to apply the payments in the manner stated in the bill of exceptions, and for this error must reverse the judgment. Judgment reversed and a new trial ordered.