# CASES ARGUED AND DETERMINED

IN THE

# SUPREME · COURT

OF THE

# STATE OF WISCONSIN.

---

## ROBBINS vs. LINCOLN.

Jan. Term, 1860.

| 12 | 1 |
| 76 | 257 |
| 12 | 1 |
| 78 | 480 |
| 12 | 1 |
| 90 | 411 |

*A* performed services for the firm of *B & C*, and had an account against *C*, individually, for labor &c., and payments were received by him from *C* to an amount more than sufficient to pay for the services rendered to the firm, without any direction as to which account the payments should be applied upon, and *C*, upon the dissolution of his partnership with *B*, assumed to pay all the firm debts, and afterwards had a reckoning with *A*, of all the accounts between *A*, and the firm, and himself individually, and promised *A*, to pay him the balance found due, which was less than the amount of his original account against *C* alone: *Held*, in a suit by *A* against *C* to recover said balance, there was no error in making such an application of the payments to the firm debt, as would allow *A* to recover of *C*, the balance so due and promised.

An instruction given by the court to the jury, in such case, that the plaintiff might recover of *C* for the firm debt, is no ground for reversing the judgment, which was only for the balance above mentioned, as the same result must have been arrived at by an equitable application of the payments.

A complaint alleged that the "defendant was indebted to the plaintiff for money laid out and expended by the plaintiff for the defendant at his request," giving a large number of items. The answer denied that "plaintiff had laid out or expended any money for the defendant, except such sums as had been delivered by him to the plaintiff for that purpose." *Held*, that such answer is not a denial, but rather an admission, that the plaintiff paid out the moneys specified in the complaint, with an avoidance of liability for the same, by the averment that the money paid had been furnished to the plaintiff by the defendant for that purpose.

The answer also averred that "the defendant had no knowledge or information sufficient to form a belief, whether the plaintiff had laid out and expended all the sums of money delivered by the defendant to the plaintiff for that pur-

VOL. XII—1

pose, and therefore had no knowledge, &c., whether he was, or on a final accounting would be, indebted to the plaintiff: *Held*, that this denial was consistent with a full knowledge that plaintiff had paid out all the moneys alleged in the *complaint* to have been paid by him, and in strictness of pleading was not such a denial of the paying out of the moneys mentioned in the complaint, as to put the plaintiff upon the proof thereof.

*It seems* that the deposition of a witness taken in this state is not admissible in evidence, if the certificate of the officer before whom it was taken, state as the only reason for taking it, "that the deponent is going out of the state," although the party offering the deposition testifies on the trial that the witness was still absent from the state.

A judgment will not be reversed on account of the admission of such a deposition, where it appears that the verdict of the jury, who tried the case, could not properly have been different, if the deposition had been excluded.

ERROR to the County Court of *Dane* County.

The complaint of *Lincoln*, the plaintiff below, alleged that the defendant, *Robbins*, was indebted to him for money laid out and expended by him, and for work done and performed by him and his wife, for the defendant, at his request, and for a promissory note executed by one *Francis Massing*, payable to the plaintiff, and by him sold and delivered to the defendant, at his request, the several items of which indebtedness were as follows:

[Here follow various items of cash alleged to have been paid out by the plaintiff for the defendant, amounting to $2,204 49, and also the following:]

| | | | |
|---|---|---|---|
| 1858. | Nov. 18. | To Massing's note sold you, - | $676 08 |
| | | interest on same, - - | 10 00 |
| 1859. | Jan. 1. | To 1 year's work of self, - | 400 00 |
| | | " 2 months work of plaintiff's wife, | 16 00 |

The complaint further stated that the sum of $2,825 95 of the said indebtedness had been paid, and that there was due from the defendant to the plaintiff the sum of $480 62 with interest, for which plaintiff demanded judgment.

The answer of the defendant denied that the plaintiff had laid out or expended any money for him, except such sums as had been delivered by him to the plaintiff for that purpose, and denied that he was indebted to the plaintiff in any sum therefor. The defendant also denied that he was indebted to the plaintiff for one year's services, performed by him as stated in the complaint, but on the contrary, alleged

that during a portion of the time when said services were performed, to wit, from January, 1858, to the 6th of July, 1858, the plaintiff was in the employment of the firm of " *Tweed & Robbins*," (composed of John P. Tweed and the defendant) and not of the defendant individually; that the plaintiff was never in the employment of the defendant, individually, except for about six months, commencing on the 6th of July, 1858, and during that time was, by agreement, to be paid at the rate of $300 per year; that the defendant was not indebted for the services of the plaintiff's wife, but that the same had been paid for, by her board at the house of the defendant; that the defendant had no knowledge or information sufficient to form a belief, whether the plaintiff had laid out and expended all the sums of money delivered by the defendant to him for that purpose, as aforesaid, and therefore had no knowledge or information sufficient to form a belief, whether he was, upon a final accounting, indebted to the plaintiff in any sum whatever.

The plaintiff replied, denying every allegation of the answer tending to constitute a counter claim.

On the trial, the plaintiff was sworn as a witness in his own behalf.

The defendant, by his counsel, objected to any evidence being introduced under the complaint, except for work and labor, and the court ruled that the testimony should be confined to the several items of account, not relating to cash received from the defendant and laid out for his use. The plaintiff testified substantially as follows: "I commenced working for the defendant, October 22, 1857, at the price of $400 per year. I staid there until March, 1859. I charged for my entire work, $400, and for my wife's extra work, $16. I let defendant have a note of *Francis Massing* for $676 08. This note was in the account when we settled."

Upon cross examination he said: "*Mr. Robbins* told me that *Tweed & Robbins* owned and carried on the farm in company; he told me *Mr. Tweed* owned one-half the farm. A little before the 1st of July, 1858, *Mr. Robbins* reckoned up all accounts, and about the 6th of July, 1858, he said he had purchased *Tweed's* interest and assumed all the debts for the

farm, and this among the rest, and promised to pay it. Up to the 6th of July, the books were kept in the name of *Tweed & Robbins*; after that time, the accounts were kept in *Robbins'* name; I worked for *Tweed & Robbins* until the 6th of July. When we settled, there was $963 55, besides the interest and my wife's work, due me. In February, his brother paid me $125, and has paid me in all $525.· I told defendant I should charge for my wife's work after the year was up, and he said he would pay it."

On the trial, the plaintiff offered to read in evidence the deposition of one *Burwell*, taken in the city of Madison, on the 29th of August, 1859. The notice of the taking of this deposition did not state any reason for the taking thereof, and the only reason for taking it, mentioned in the certificate of the justice of the peace before whom it was taken, was "that the deponent, *O. W. Burwell*, is going out of the state." The certificate states that the attorney for the defendant attended at the taking of the deposition, but it is stated in the caption of the deposition that the defendant's attorney objected to the sufficiency of the notice of the taking of the same. The defendant objected to the reading of the deposition, on the ground that the notice and the certificate of the justice specified no sufficient reason for taking it. The court thereupon asked the witness *Lincoln*, if the said *Burwell* was then (at the time of the trial) absent from this state, who replied that said *Burwell* was so absent; whereupon the objection was overruled by the court, and the deposition read in evidence, the defendant's counsel excepting thereto. The deposition was in substance as follows: "Last May the defendant *Robbins*. said that he should have paid *Lincoln* the $600, or thereabouts, that was due him, if *Lincoln* had not sued him, but now he should keep him out of it as long as he could and make it cost him more than the claim. I was at *Robbins'* while the plaintiff's wife was working in his family. In my opinion her labor was worth two dollars per week; *Mr. Robbins* told me he should make *Mr. Lincoln* prove what he had done with the money." This being all the testimony in the case, the judge of the county court charged the jury, among other things, as follows:

"If the jury find that the defendant, after the dissolution of the firm of *Tweed & Robbins*, promised the plaintiff to pay him for his work, done while in the employ of said firm, then the plaintiff may recover for the same in this action," to the giving of which instruction the defendant's counsel excepted.

The counsel for the defendant requested the court to charge the jury as follows: "That if they found from the evidence that the plaintiff worked upon said farm for the firm of *Tweed & Robbins*, during the time, or any portion of the time, for which he has charged for his services in the complaint in this action, then he could not recover for his services for such time, in this action, against *Robbins* alone," which instruction the court refused to give, the defendant's counsel duly excepting to the refusal. The jury having found a verdict for the plaintiff for $510 21, the defendant moved for a new trial, upon the ground that the court erred in all the several rulings upon the trial to which the defendant had excepted, and because the verdict was contrary to law and to evidence, and "because there were other errors apparent in the pleadings and proceedings." Which motion the court overruled and rendered judgment upon the verdict.

*Smith, Keyes & Gay* for plaintiff in error:

I. The court erred in admitting the deposition of *Burwell*, because the certificate of the justice did not disclose any sufficient reason for the taking thereof, as required by statute, and the omission could not be aided or supplied by parol testimony. *Reading vs. Weston*, 7 Conn., 143; *Amory vs. Fellowes*, 5 Mass., 219; *Collins vs. Elliott*, 1 Har. & J., 1; *Winooskie T. Co., vs. Ridley*, 8th Vt., 405.

II. The promise of *Robbins* to pay for work which had been performed for the firm cannot avail the plaintiff in this action, because the alleged new promise to *Lincoln* was not supported by any consideration, moving from the latter, and because the promise was void under the statute of frauds, being a promise to pay the debt of another, and not in writing. 1 Chitty on Pleadings, p. 47; 17 Johns. Rep., 340; *Emerick vs. Sanders*, 1 Wis. Rep., 77, 97, 101.

III. The promise is not available to the plaintiff in this

Jan. Term,<br>1860.<br><br>ROBBINS<br>v.<br>LINCOLN.

action, because it is not sued upon. The plaintiff complains only for work and labor performed for the defendant *Robbins;* he can therefore recover in this action only for work performed for *Robbins* individually. There was in this respect a fatal variance between the allegation of the plaintiff and the proof. *Maynard vs. Tidball,* 2 Wis., 34, 41.

*Carpenter & Sprague,* contra.

I. If the deposition of *Burwell* was incorrectly admitted the judgment should not be reversed, as the plaintiff's case was fully proved without it. *Prince vs. Shepard,* 9 Pick. Rep., 183; *Benjamin vs. Smith,* 12 Wend., 404; *Gardenier vs. Tubbs,* 21 Wend., 169.

II. Several payments have been made by the plaintiff in error since the dissolution of the firm of *Tweed & Robbins,* and neither party making an application of them, the law makes it to the oldest debt, which is the firm debt, that having become due on the dissolution of the firm, July 6th, 1858. The payments were more than sufficient to pay the firm debt, and hence that debt is discharged. The application having been properly made by the jury, the plaintiff in error has no cause of complaint. *Fairchild vs. Holly et al.,* 10 Conn., 175; Story on Contracts, §§ 578-673.

III. If the jury have come to a correct result, the judgment will not be reversed, though the charge of the Court was erroneous, neither will a new trial be granted unless the court can see that injustice either was, or might have been done, on the former trial. *Kelsey vs. Hanmer,* 18 Conn., 320; *Bowren vs. Campbell* and *Smith,* 5 Wis., 187.

*By the Court,* PAINE, J.   It may be conceded that in strict law the plaintiff could not have recovered in this action against *Robbins* alone, for any part of the debt which accrued against *Tweed & Robbins,* all of which, it appears from the evidence, *Robbins* assumed, and promised the plaintiff to pay, when he bought out the interest of *Tweed.* There are authorities sustaining his right to recover upon such a state of facts. But even if he could not, it clearly appears both from the pleadings and the evidence, that a much larger amount than the balance claimed, was the individual debt of *Robbins* alone.

And that being so, no application of payments having been shown to be made by *Robbins*, at the time of paying, the creditor would have had the right to apply them as he pleased, or in the absence of an application by him, the court should have made such an application as would be equitable under all the circumstances. *Stone v. Talbot*, 4 Wis., 442. *Same case*, since decided by this court, and not yet reported. And we are clearly of opinion, that in this case, if the indebtedness was established so as to permit it, such an application of the payments should have been made, as would have allowed the plaintiff to recover the balance due, if any, in this suit. And we think the indebtedness, both against the partnership and against *Robbins* individually, was sufficiently admitted by the pleadings and established by the evidence, to justify such an application. And in the first place, the condition of the pleadings has a very important bearing upon the case. It is to be observed that the answer does not deny the facts out of which the partnership indebtedness arose, but admits them, or rather sets them up as a defense against the claim upon *Robbins* individually. It states that from January to July, the plaintiff worked for *Tweed* and *Robbins*, and admits that for six months after that, he worked for *Robbins* solely. Thus the substance of the allegations upon this point, is not a denial of the services alleged in the complaint, but a claim that for half of the time, they were rendered for *Tweed & Robbins*, and that for this part the defendant was not singly responsible. The answer does deny that the plaintiff was to receive $400 per year, and avers that he was to receive only $300. But from the manner in which the case was submitted to the jury they necessarily passed upon this point, and must have found that the allegations of the complaint were true, as on the evidence they could not have found otherwise, there being none offered on the part of the defendant. The partnership indebtedness was therefore sufficiently admitted and established to justify an application of the payments credited in the complaint thereto. And though the judge did not submit it to the jury with reference to this question, but under instructions that the plaintiff might recover, even for the partnership indebted-

ness, and though this instruction might not have been technically correct, we still think the same result must have been arrived at by an equitable application of the payments, and should not feel bound therefore for that reason to reverse the judgment. But we do not say that this instruction was erroneous.

The allegation in the complaint, of the sale to the defendant of *Massing's* note, is not denied at all. The rendition of the services by the plaintiff's wife, is not denied, but the answer avers that they were paid for in a particular manner, and to establish that, the burden of proof was on the defendant. It is evident therefore that the answer, so far, put in issue only the questions, whether the plaintiff was to have $400 or $300 per year for his services; whether for half the time he worked for *Tweed & Robbins*; and whether the wife's services had been paid for. Do the remaining allegations give it a different effect? They relate to the sums averred in the complaint to have been paid out by the plaintiff for the use of the defendant. The first part of the answer denies that the plaintiff had laid out or expended any money for the defendant at his request, "except such sums as had been delivered by him to the plaintiff, while the plaintiff was in his employ, for that purpose." This is clearly no denial that the plaintiff paid out the money, but on the contrary impliedly admits it. It avoids the liability, by averring that the money paid out, had been in fact furnished by the defendant for that purpose, and is like the answer in *Hamilton vs. Hough*, 13 How. Pr. R., 14, where the answer denied that the plaintiff had sold the defendant any goods that had not been paid for, which the Court held not to amount to a denial.

The latter part of the denial, avers that the defendant had no knowledge or information sufficient to form a belief, whether the plaintiff "had laid out and expended all the sums of money delivered by the defendant to the plaintiff for that purpose as aforesaid, and *therefore* had no knowledge or information sufficient to form a belief whether he was, or on a final accounting with the plaintiff, would be, indebted to the plaintiff in any sum whatever." The latter part of this

clause relates only to the legal conclusion of indebtedness, and if it contained a positive denial of indebtedness without denying the facts alleged, out of which the indebtedness would arise, it would amount to nothing. *Drake vs. Cockroft* 10 How. Pr. R., 377. Its effect depends therefore on the first clause, and it is very evident that if this referred expressly to the allegations of the complaint, it would be very objectionable in point of form. The complaint avers that the plaintiff paid out for the defendant divers sums of money, giving a great number of items. Suppose the answer should contain a specific denial that *all* those sums were paid out. Such a denial is not inconsistent with a perfect knowledge that all but one had been paid out. A denial in the precise language of the complaint is not sufficient; it must be of the substance of the allegation. And the rule as to answers in equity has been held applicable to answers under the code. And under that rule, "it is not enough when a charge is made with all the circumstances of time and place, &c., to deny such charge generally in the words thereof, but in all cases where the charge embraces several particulars, *the answer should be in the disjunctive, denying each* particular or admitting some and denying others according to the fact." Van Santvoord Pl., 426. It seems very obvious that to a complaint for goods sold and delivered, a denial that the plaintiff had sold and delivered *all* the goods mentioned, would be insufficient. But the denial in this answer does not even amount to that. As before observed, the first part of it is simply a denial that the plaintiff had paid out any moneys, except such as the defendant had furnished him for the purpose. This implies that he had furnished the plaintiff moneys to be paid out, but contains no averment as to how much. The last part of the answer is a denial of knowledge or information sufficient to form a belief, not as to whether the plaintiff had paid out all the moneys averred in the complaint, but all which the "defendant had furnished as aforesaid." He might have furnished more than the complaint claimed to have been paid out, and then the answer would have been consistent with a perfect knowledge that the plaintiff had paid all he alleged. It seems clear, therefore that an answer aver-

Jan. Term, 1860.

ROBBINS
v.
LINCOLN.

ring by inference that the defendant had furnished the plaintiff moneys to pay out, and then denying knowledge or information as to whether he had paid it all out, cannot be construed into a denial of knowledge that the plaintiff had paid out certain sums mentioned in the complaint. I think therefore, that, as a matter of strict pleading, the allegations in the complaint as to the paying out of money were not sufficiently denied to put the plaintiff upon the proofs.

And though this point was not made upon the argument, I have examined it the more closely by reason of the effect that a sufficient denial in this respect, would have had upon our conclusion as to the application of the payments, which latter point was urged by the respondent's counsel. For on the trial the evidence offered by the plaintiff to prove these items, was objected to, and excluded by the court. And it is very evident that if they are left out, even though all the other items sued for were fully established, the payments admitted by the complaint were more than enough to overbalance them; and therefore no such application of payments could have been made, as would leave any balance for the plaintiff. But, though it does not appear of record, it would seem that this evidence must have been excluded upon a mutual understanding that these items were for moneys which the plaintiff had paid out as agent of the defendant and the latter had furnished, and which the plaintiff had credited among the payments admitted in the complaint. For the whole contest after its exclusion, both in the court below and here, was upon the other items and the questions arising thereon, when, if this evidence was properly excluded, with the burden of proof on the plaintiff to establish those items, that was an end of the case. But we think this effect was not produced, for the reason that they were not sufficiently denied by the answer.

The only other question was as to the admissibility of the deposition. It was objected to, for the reason that it did not show any legal reason for taking it, the certificate stating only that the witness was going out of the state, but not that he would not return in time for the trial. We are inclined to think that under the strict rules prevailing as to the tak-

ing of depositions, this objection was correct. But we are still obliged to affirm the judgment, for the reason that if it had been excluded the verdict could not have been different upon the testimony. No material fact was testified to in it, which was not established by other evidence upon which there was no conflict. It was suggested that the value of the wife's services was not otherwise shown. But the plaintiff himself testified that it was $16; the complaint alleged an indebtedness of $16 for her services, and the answer only avoids these allegations by averring payment, but not by denial.

The judgment must be affirmed with costs.