(July 12, 1923.)

## T. W. & L. O. NAYLOR COMPANY, a Corporation, Appellant, v. ROY BOWMAN, Respondent.

[217 Pac. 263.]

APPEAL AND ERROR — DIMINUTION OF RECORD — MOTION TO DISMISS APPEAL OR TO STRIKE CERTAIN FILES FROM RECORD — WHEN DENIED.

Under C. S., sec. 6886, instructions given or refused and exceptions thereto are properly a part of the reporter's transcript on appeal, but since the amendment to C. S., sec. 7163, Laws of 1919, p. 437, c. 143, if the praecipe so designates, such instructions may be brought up as a part of the clerk's transcript, and when properly certified may also be subject to review.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Motions to dismiss appeal and to strike certain files from the record on appeal. Motions *denied.*

O. A. Johannesen, for Appellant.

Where instructions given and refused are filed with the clerk, and included in the clerk's transcript, in obedience to the praecipe, and duly certified by the clerk, they are subject to review on appeal. (*Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202.)

Miller & Ricks and C. W. Poole, for Respondent.

C. S., sec. 6879, appears to be in conflict with C. S., sec. 6886. C. S., sec. 6879, provides that the instructions shall be deemed excepted to, and that unless the party objecting thereto desires it, they need not be embodied into a bill of exceptions; but C. S., sec. 6886, provides for the reporter's transcript of the evidence, including the instructions given or refused, and exceptions thereto, shall be signed and settled by the trial judge. The one section

states that they do not need to be incorporated into a bill of exceptions while the other section states that they do. Since C. S., sec. 6886, is a later and subsequent enactment, it is manifest that said section should control, and that the instructions of the court to the jury including those given or refused cannot be reviewed in this court unless an exception thereto has been taken and preserved in either the reporter's transcript, as provided by said section, or in a duly authenticated bill of exceptions, as provided by C. S., sec. 6882. (2 R. C. L. 137; *Carr v. State,* 175 Ind. 241, 93 N. E. 1071, 32 L. R. A., N. S., 1190; *Phillips v. Washington & R. R. Co.,* 104 Md. 455, 10 Ann. Cas. 334, 65 Atl. 422; *State v. Ruck,* 194 Mo. 416, 5 Ann. Cas. 976, 92 S. W. 706; *State v. Douglas,* 26 Nev. 196, 99 Am. St. 688, 65 Pac. 802; *Nighbert v. Hornsby,* 100 Tenn. 82, 66 Am. St. 736, 42 S. W. 1060; *Montana Ore. Purchasing Co. v. Lindsay,* 25 Mont. 24, 63 Pac. 715; *State v. Morrow,* 63 Wash. 297, Ann. Cas. 1912D, 570, 115 Pac. 161; *Minneapolis Thresh. Machine Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99.)

WILLIAM A. LEE, J.—Respondent moves to dismiss this appeal on the ground that the reporter's transcript was not settled, allowed and signed by the district judge who tried the cause, and also moves to strike from the record on appeal certain files which it is claimed do not constitute any part of the judgment-roll, and for the further reason that the clerk's transcript is not properly certified.

An examination of the record on appeal as it was filed in this court on January 2, 1923, shows that it did not contain any evidence of the trial judge having settled the reporter's transcript, as required by subd. 3 of C. S., sec. 6886, nor did such transcript contain any of the instructions given or requested. Such instructions do appear in the clerk's transcript, but neither the clerk's transcript nor the transcript on appeal is sufficiently certified by the clerk. Prior to the submission of this motion, appellant obtained an order for diminution of the record, and filed an additional certificate by the clerk of the court below, accompanied by his affidavit,

which show that counsel for respondent had stipulated that the reporter's transcript of the evidence was satisfactory, and that an order of the court settling the same might be allowed, which settlement by the trial judge was had on December 28, 1922. There is also an amended certificate from the present clerk of said court, which said additional records were by said order of diminution made a part of this original record on appeal, and appear to be in compliance with the statutes and rules of this court regulating appeals.

Respondent contends, however, that the instructions should have been incorporated in the reporter's transcript, and form no part of the judgment-roll, and for that reason ought to be stricken. An examination of the praecipe shows that the clerk was directed to include in his transcript the instructions to the jury. C. S., sec. 7163, was amended by Laws of 1919, p. 437, c. 143, by adding to this section the words: " . . . . and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court."

In *Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202, it was held, following a *dictum* in *Stringer v. Redfield,* 34 Ida. 378, 201 Pac. 714, that where instructions have been filed with the clerk and included and certified by him in response to appellant's praecipe, they are subject to review on appeal under said section. (See, also, *Sweaney & Smith Co. v. St. Paul Ins. Co.,* 35 Ida. 303, at 312, 206 Pac. 178.)

It is therefore apparent that the instructions of the court, while they properly belong to and should be made a part of the reporter's transcript, if not brought to this court as a part of such transcript, may be brought here as a part of the clerk's transcript, and since by C. S., sec. 6879, in a civil case all instructions given by the court of its own motion, and the refusal to give requested instructions, where such refusal is noted in writing by the court, are deemed excepted to, if the same appear in the records, files or minutes, pursuant to a designation in the praecipe, they may be re-

viewed upon appeal as though settled in a bill of exceptions.

Respondent's several motions to dismiss and to strike should be denied, and it is so ordered.

McCarthy, Dunn and William E. Lee, JJ., concur.