J. O. ELLERBECK, Doing Business Under the Name of GUARANTEE TIRE & RUBBER CO., Respondent, v. SHANK AUTO COMPANY, a Corporation, Appellant.

[254 Pac. 1055.]

SALES—PAYMENT—BURDEN OF EVIDENCE—APPLICATION OF CHECKS—APPEAL AND ERROR—RECORD—FAILURE TO SHOW REFUSAL TO GIVE INSTRUCTIONS—EFFECT.

1. Where seller of merchandise to automobile company applied checks by such company, signed by its manager, on debts of another automobile company having same manager, seller had burden of proving that checks were properly applied.

2. Under C. S., sec. 6879, assignment of error for refusal to give certain requested instructions *held* without merit, where record failed to show that court actually refused to give such requested instructions.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for balance due on account. Judgment for respondent. *Reversed.*

Cleve Groome, for Appellant.

The plaintiff had no right to apply checks signed by the Shank Auto Company to the payment of the Federspiel Motor Car Co.'s debts. (*Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 683, 53 N. W. 606; *Lee v. Storz Brewing Co.,* 75 Neb. 212, 106 N. W. 220; *American Express Co. v. Lesem,* 39 Ill. 312; *Young v. Swan,* 100 Iowa, 323, 69 N. W. 566; *Melson v. Travis,* 133 Ga. 710, 66 S. E. 936.)

The funds of one person or firm cannot be applied to the debts of another by the creditor of both. (*Bayne v. United States,* 93 U. S. 642, 23 L. ed. 997; *United States v. First Nat. Bank,* 24 U. S. 30, 24 L. ed. 647; *Cook v. Tullis,* 85 U. S. 332, 21 L. ed. 933.)

Where there is no substantial conflict in the evidence and the evidence is insufficient to support the verdict, the judgment will be reversed. (*Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635.)

Stone & Jackson, for Respondent, cite no points and authorities.

WM. E. LEE, C. J.—This action was instituted by respondent to recover the alleged balance due on an open ac-

Publisher's Note.

1.  See 21 R. C. L. 121.
2.  See 2 R. C. L. 137.

See Appeal and Error, 4 C. J., sec. 1671, p. 79, n. 49.
Payment, 30 Cyc., p. 1264, n. 28, p. 1267, n. 50.
Sales, 35 Cyc., p. 565, n. 79.

count for goods, wares and merchandise sold and delivered by respondent to appellant at Salt Lake City, Utah, from March to November, 1917. Appellant pleaded payment, and, affirmatively, that it made no purchases from respondent after August 2d. Judgment was made and entered on a verdict for respondent, from which, and from an order denying a new trial, this appeal is prosecuted.

Appellant, an Idaho corporation, had a branch business at Salt Lake City, which it sold to the Federspiel Motor Car Company about August 2d. Respondent admitted the sale, but contended that the Federspiel Motor Car Company did not assume possession until August 4th. At the trial, respondent confined its claim to purchases made prior to August 4th. It appears that H. P. Federspiel had some connection with appellant corporation prior to the sale of the branch to the Federspiel Motor Car Company, and that he was manager of the latter. There was evidence that after the sale of the branch, Federspiel was authorized to collect outstanding accounts due appellant and apply sums thereby obtained in payment of appellant's debts in Salt Lake City. Payment of the June account of appellant was made by a check of "Shank Auto Company, by H. P. Federspiel, Mgr."

Conceding, for the purpose of determining the defense of payment, that appellant was owing for all the merchandise proved to have been purchased by it, canceled checks of the Shank Auto Company, in sufficient amount to satisfy the claimed indebtedness, were admitted in evidence. Such checks, signed "Shank Auto Company, by H. P. Federspiel, Mgr.," were, however, applied on debts of the Federspiel Motor Car Company. Appellant contends that such checks should have been applied in payment of its account, and that the burden of proving that such checks should not have been applied in satisfaction of the indebtedness of appellant was on respondent.

[1] Under such facts the burden was undoubtedly on respondent to prove that the checks of the Shank Auto Com-

pany were properly applied to the payment of the debt of the Federspiel Motor Car Company rather than that of appellant. (30 Cyc. 1264; 21 R. C. L. 121, sec. 133; *Masser v. Bowen,* 29 Pa. 128, 72 Am. Dec. 619; *Stone v. Talbot,* 4 Wis. 442, 449; *Davis v. Hall,* 70 Neb. 678, 97 N. W. 1023; *Mann v. Major,* 6 Rob. (La.) 475; *Goldsmid v. Lewis County Bank,* 7 Barb. (N. Y.) 427; *Madera Sugar Pine Co. v. Adams,* 68 Cal. App. 111, 228 Pac. 544.) Possibly respondent was justified in the application it made of such payments, but the evidence does not so disclose. The jury was not justified in rendering its verdict for respondent.

[2] It is contended that the court erred in refusing to give certain requested instructions. This assignment is without merit, in view of the failure of the record to show that the court actually refused to give such requested instructions. (C. S., sec. 6879; *Naylor v. Bowman,* 37 Ida. 514, 217 Pac. 263.) Concluding that a new trial should be had, it is not out of place to suggest the propriety, on a retrial, of instructing the jury with respect to the burden of proving that payments made by "Shank Auto Company, by H. P. Federspiel, Mgr.," should not have been applied on the indebtedness of appellant. The other assignments are without merit.

Judgment reversed. Costs to appellant.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.