[No. 9881.   Department Two.— May 14, 1885.]

THE TROJAN MINING COMPANY, APPELLANT, *v.* THE FIREMEN'S INSURANCE COMPANY OF BALTIMORE, RESPONDENT.

FIRE INSURANCE—PLEADING.—The complaint in an action on a fire insurance policy alleged that a watchman was employed by plaintiff *in and upon* the premises day and night, and *was upon* the premises at the time of the fire.   The answer denied that a watchman was in and upon the premises day and night, and averred that at the time of the fire no watchman was in and upon the premises.   *Held,* that the denial is sufficient, and presents an issue as to whether or not the watchman was there.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Geo. W. Tyler,* for Appellant.

*Fox & Kellogg,* and *T. C. Van Ness,* for Respondent.

The COURT. — Action on a fire insurance policy.   The policy contained the following clause : —

"It is agreed and understood that during such times as the above works are idle a watchman shall be employed by the assured, to be in and upon the premises day and night."

The allegation in the complaint on that subject is as follows : "That at the time of such fire, and for some time prior thereto,

the works of said corporation, so assured, as aforesaid, were idle, but during all said time a watchman was employed by plaintiff in and upon the premises day and night, and said watchman was upon said premises at the time of said loss and damage, as aforesaid."

The denial is as follows: " And defendant denies, and says it is not true, as alleged in said complaint, or at all, that during all the time the works of said corporation were idle, as alleged in said complaint, a watchman was in and upon the premises day and night."

In the answer there is also an allegation as follows: " That at the time said fire occurred, and for more than two hours prior thereto, no watchman was in and upon the premises upon which said works, insured as aforesaid, were situated."

It is contended by plaintiff, that the allegation of the complaint as to the watchman is not denied. The complaint states that a watchman was employed by plaintiff *in and upon* the premises day and night and *was upon* the premises at the time of the fire. The answer denies that a watchman was in and upon the premises day and night, and avers that at the time of the fire, and for more than two hours prior thereto, no watchman was in and upon the premises. The denial seems to us to be plain and unequivocal. The appellant urges that by the terms of the policy it was to *employ* a watchman to be in and upon the premises, and if the watchman stayed away, the insurer is not exonerated, under section 2629 of the Civil Code. If there is any difference in the meaning of the words used in the policy and those used by the pleader, the latter seems to have attached to them the meaning that the watchman, employed by the plaintiff, *was in and upon* the premises day and night (not that he was employed to be there and neglected his employment), and, moreover, the plaintiff alleged that he was there at the time of the fire ; and thus the issue was presented as to the fact whether or not the watchman was there. On this subject the court found as follows :—

"That during the time that said premises were so idle and unoccupied, plaintiff failed to and did not keep a watchman in and upon, or in or upon, said insured premises day and night. That no watchman was in and upon, or in or upon, said insured

premises nightly from and after the hour of 10 o'clock, or thereabouts, until an early hour of each morning thereafter. That no watchman was in and upon, or in or upon, said insured premises between the hours of 10 o'clock P. M., or thereabouts, on the evening preceding the fire alleged in the complaint of plaintiff, and the hour when said fire occurred. That a watchman employed by plaintiff to watch the insured premises slept nightly in a small building located across the road from said insured premises, and from 100 to 120 feet, or thereabouts, distant therefrom. That said building was owned by plaintiff, but was situate upon ground not owned by plaintiff. That the watchman so employed as aforesaid kept a watch dog in the insured building, which had the whole range of the building on the inside, and was accustomed to bark loudly when any stranger approached said building."

The evidence is not before us. The findings respond to the issues, and clearly show that plaintiff was not entitled to recover.

It is unnecessary to notice the other points presented, as the above disposes of the case.

The judgment is affirmed.