HOTCHKISS, Respondent, vs. THE PHŒNIX INSURANCE COMPANY OF BROOKLYN, Appellant.

*February 26 — March 18, 1890.*

*Fire insurance: Agency: Construction of policy: "Vacant or unoccupied."*

An insurance policy, issued by a foreign insurance company upon a dwelling-house and certain personal property therein, provided that it should cease to be in force if the premises became " vacant or unoccupied." The tenant who occupied the house left it, but the personal property remained therein. The agent of the company thereupon told the insured that the insurance would hold good for thirty days, and that the house would be considered as " occupied " while the personal property remained in it. *Held,* that the company was bound by this construction of the terms " vacant or unoccupied," although the policy provided that the agent had no authority to change any of its conditions or restrictions by parol.

APPEAL from the Circuit Court for *Winnebago* County.

The defendant company issued its policy of insurance, dated March 21, 1888, whereby it insured the plaintiff for three years against loss or damage by fire in the sum of $600, on a dwelling-house in Omro, and $400 on household furniture, etc., therein. The house was occupied by a tenant, except a room therein in which the plaintiff kept the insured personal property. These facts were known to the agent of the company who issued the policy. About November 1, 1888, the tenant moved out of the house, and the same thereby became unoccupied, except that the insured personal property remained therein, and the plaintiff visited the house two or three times a week until November 23, 1888, when all the insured property, which was of greater value than the insurance thereon, was destroyed by fire. Due proofs of loss were furnished the company as required by the policy. The company refused to pay the loss, claiming it was relieved from liability therefor by a condition in the policy to the effect that if, during the term of the insurance, the insured premises should become vacant or unoccupied, the policy should be of no force or effect during the time the premises should continue vacant or unoccupied. This action was brought on the policy to recover the amount of the insurance. The plaintiff recovered, and the company appeals from a judgment against it for the amount of the insurance. The testimony and rulings of the court on the trial are sufficiently stated in the opinion.

The cause was submitted for the appellant on briefs by *Charles W. Felker,* and for the respondent on a brief by *Gabe Bouck.*

Counsel for the appellant relied upon the rule of *Hankins v. Rockford Ins. Co.* 70 Wis. 1, "that where the assured has accepted a policy containing a clause prohibiting the waiver of any of its provisions by a local agent, he is bound by such inhibition, and that any subsequently at-

JANUARY TERM, 1890. 271

Hotchkiss vs. The Phœnix Ins. Co. of Brooklyn.

tempted waiver, merely by virtue of such agency, is a nullity."

LYON, J. The testimony tends to show that, immediately after the tenant vacated the insured house, the plaintiff went to see the agent of the defendant company at Omro, where the insured property was situated, informed him that the tenant had so removed, and asked him if her insurance was good, or, if it needed any change, what she should do, and that the agent replied that her insurance was good just as it was, and agreed to carry it in that way for thirty days. Also, the question having been suggested to the agent whether the house would be considered occupied while the plaintiff's goods remained in it, he said it would, and there was no need of a vacancy permit to save the insurance while it was occupied in that way. This conversation occurred with the agent who issued the policy, and less than thirty days before the insured property was burned. The above testimony was controverted by other testimony on behalf of the defendant.

The court instructed the jury that, if they found the defendant's agent did tell the plaintiff, in substance, that the policy would hold good for thirty days although the premises were vacant, the plaintiff was entitled to recover. By finding for the plaintiff, the jury necessarily found the existence of the above facts. As a matter of course, it was competent for the jury to give credit to the testimony on the part of the plaintiff as to what occurred between her and the agent, and to reject the testimony on behalf of the defendant giving a different version of what the agent said on the occasion.

There is no claim here that the agent waived any condition of the policy, but only that he construed certain words contained in it in a certain way. The term "vacant or unoccupied" has no definite signification, applicable

alike to all cases.   If it had, the plaintiff would be bound
by such signification.   Under certain circumstances, prem-
ises may be vacant or unoccupied, when under other circum-
stances premises in like situation may not be so, within the
meaning of that term in insurance policies.   Thus, if one
insures his dwelling-house, described in the policy as occu-
pied by himself as his residence, and moves out of it, leav-
ing no person in the occupation thereof, it thereby becomes
vacant or unoccupied.   But if he insure it as a tenement
house, or as occupied by a tenant, it may fairly be pre-
sumed, nothing appearing to the contrary, that the parties
to the contract of insurance contemplated that the tenant
was liable to leave the premises, and that more or less time
might elapse before the owner could procure another ten-
ant to occupy them, and hence that the parties did not
understand that the house should be considered vacant, and
the policy forfeited or suspended (according to its terms),
immediately upon the tenant's leaving it.   This distinction
is made in some of the cases,— in *Lockwood v. Middlesex M.
Ass. Co.* 47 Conn. 553 (561); *Whitney v. Black River Ins. Co.*
9 Hun, 39; 1 Wood, Ins. § 91, pp. 208–210, and cases cited.

In this case, the insured house was "to be occupied by
the assured or tenant as a dwelling." It was in fact occu-
pied by a tenant when the policy was issued, of which the
company had notice.   It being doubtful what the term "va-
cant or unoccupied" means in such a case, and the policy
in suit failing to define it, the plaintiff had the right to
know whether the insurance company regarded her house
as vacant or unoccupied immediately upon her tenant's
leaving it, to the end that, if the company did so regard
it, she might take the necessary steps to keep good the
insurance.   This being a foreign insurance company, and
presumably having no general officer in this state, there
was no one but the agent of the company at Omro to whom
she could conveniently and directly apply for the desired

information. She promptly applied to him, and he assured her (as the jury must have found) that, notwithstanding the removal of the tenant, her policy, just as it was, would remain valid 'for thirty days. That is to say, he assured her, in substance and legal effect, that the removal of the tenant did not render the premises " vacant or unoccupied," within the meaning of that term in the policy as understood by the company. We think she applied to the right person for the desired information, and that the company is bound by the construction which, in its behalf, the agent put upon the policy.

The policy contained a stipulation that the agent of the company had no authority to change any of its conditions or restrictions by parol. But it is obvious that this stipulation is not involved in the determination of this case, for the agent did not assume to change any such condition or restriction.

*By the Court.*— The judgment of the circuit court is affirmed.