(October 24, 1921.)

## JOHN W. STRINGER, Respondent, v. FRED W. REDFIELD and JACOB SARSAR, Appellants.

[201 Pac. 714.]

APPEAL AND ERROR—RECORD ON APPEAL.

Where the record on appeal contains no reporter's transcript, and no bill of exceptions containing the instructions to the jury given and refused, and the clerk's transcript contains what purports to be the instructions given and refused, which are not included therein in response to the praecipe filed by appellant with the clerk and are not included in the clerk's certificate of the transcript, such instructions cannot be reviewed on appeal from the judgment.

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Wm. A. Babcock, Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

Charles A. Sunderlin, for Appellants, cites no authorities on point decided.

S. T. Lowe, for Respondent.

The record on appeal does not contain a reporter's transcript or bill of exceptions; there is no evidence in the record. The court can therefore not consider or pass upon the ruling of the trial court in giving or refusing to give instructions to the jury. (*Crowley v. Croesus Gold etc. Min. Co.*, 12 Ida. 530, 86 Pac. 536; *Minneapolis Threshing Machine Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99; *City of Ensley v. J. E. Hollingsworth & Co.*, 170 Ala. 396, Ann. Cas. 1912D, 652, 54 So. 95.)

Errors in instructions not made a part of the record by bill of exceptions cannot be considered on a criminal appeal. (*Heath v. State*, 173 Ind. 296, 21 Ann. Cas. 1056, 90 N. E. 310; *Canafax v. Bank of Commerce of McLoud*, 76 Okl. 289, 8 A. L. R. 59, 184 Pac. 1014; *Livingston v. Chicago, R. I. & P. R. Co.*, 41 Okl. 505, 139 Pac. 260; *Leroy v. McConnell*, 8 Kan. 273; 2 R. C. L. 137, sec. 110.)

RICE, C. J.—This is an appeal from a final judgment. The record contains no bill of exceptions or reporter's transcript of the evidence. Appellants' specifications of error relate solely to the giving of certain instructions by the court and to the refusal to give certain instructions requested by appellants.

In the case of *Minneapolis Threshing Machine Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99, it is said: "Unless the alleged errors of the court in giving and refusing instructions to the jury are presented by the reporter's transcript, they can only be reviewed when saved by a bill of exceptions."

After the decision in that case, the court had under consideration what is now C. S., sec. 6879, in the case of *Steinour v. Oakley State Bank* (on rehearing), 32 Ida. 91, 177 Pac. 843.

After the decision in the Steinour case, C. S., sec. 7163, was amended to read as follows:

"On appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the

judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 6886, upon which the appellant relies, *and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court."*

The amendment consisted of adding to the section as it formerly stood the words in italics in the above quotation. It may be and probably is true that in cases in which the trial judge has filed with the clerk the instructions given and instructions requested by the parties, with his indorsements thereon, and they have been included in the record in response to a *praecipe* filed by appellant, they may be subject to review under the two sections above mentioned without being preserved in a formal bill of exceptions.

But in this case the *praecipe* did not call for the instructions given or requested. The clerk in his certificate states that the record "is a true and correct transcript of the proceedings therein contained, and contains in full the papers included in the judgment-roll in the said action, as well as a copy of the *praecipe.*"

The instructions are not part of the judgment-roll. It is clear that the purported instructions in the record are not properly included therein, and are not covered by the certificate of the clerk. Under any view we may take of the statute, they cannot be reviewed on this appeal.

The judgment is affirmed, with costs to respondent.

McCarthy, Dunn and Lee, JJ., concur.

Budge, J., concurs in the conclusion reached.