(January 27, 1922.)

WILLIAM MARNELLA, Respondent, v. GEORGE W. FROMAN, as Sheriff of Canyon County, Idaho, Appellant.

[204 Pac. 202.]

APPEAL FROM JUDGMENT — TRANSCRIPT — REVIEW OF INSTRUCTIONS — SPECIFICATION OF ERROR — SUFFICIENCY OF EVIDENCE — CHATTEL MORTGAGE—AGISTER'S LIEN—PRIORITY—CONSENT OF MORTGAGEE— EXPRESS OR IMPLIED.

1.   When instructions given and refused are filed with the clerk, and included in the clerk's transcript, in obedience to the *praecipe,* and duly certified by the clerk, they are subject to review on appeal.

2.   On an appeal from a judgment, a specification of error that the judgment is contrary to the evidence, setting forth the particulars, is sufficient to raise the question of the sufficiency of the evidence to sustain the judgment.

3.   The lien of a chattel mortgage, duly recorded, is superior to an agister's lien, when the former is prior in time, unless the services upon which the latter is based were performed with the consent of the mortgagee, either express or implied from the circumstances.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Agister's action for damages against sheriff foreclosing chattel mortgage. Judgment for plaintiff. *Reversed.*

Ed. R. Coulter, for Appellant.

The evidence all shows that the defendant in receiving the affidavit of foreclosure of chattel mortgage of the bank and his subsequent proceedings in seizing the property and selling the same was in all respects acting lawfully and in accordance with the law, and was justified in seizing and selling said property under said affidavit and demand of the bank. (Secs. 472, 474; Jones on Chattel Mortgages,

5th ed., *Smith v. Worman,* 19 Ohio St. 145; *Eisler v. Union Transfer & S. Co.,* 35 N. Y. St. Rep. 374, 12 N. Y. Supp. 732; *Vette v. Leonori,* 42 Mo. App. 217; *Ingalls v. Vance,* 61 Vt. 582, 18 Atl. 452; *Hanch v. Ripley,* 127 Ind. 151, 26 N. E. 70, 11 L. R. A. 61; *Howes v. Newcomb,* 146 Mass. 76, 15 N. E. 123.)

The court erred in giving instructions to the jury on the question of actual or implied consent on the part of the Weiser National Bank, for the reason that there was no evidence whatsoever given of any implied consent, or any facts upon which could have been legally predicated an instruction of actual or implied consent. (*Wilson v. Donaldson,* 121 Cal. 8, 66 Am. St. 17, 53 Pac. 404, 43 L. R. A. 524; *Hanch v. Ripley, supra; Howes v. Newcomb, supra; Storms v. Smith,* 137 Mass. 201; *Ingalls v. Vance, supra.*)

Hill & Boone, for Respondent.

Alleged errors of the trial court in giving and refusing to give instructions cannot be reviewed by this court unless the instructions are presented by the reporter's transcript, or saved by a bill of exceptions duly settled and certified as required by law. (C. S., sec. 6886; *Minneapolis Threshing Mach. Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 192; *Crowley v. Croesus Gold & Copper Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

The specification that the judgment is contrary to law and evidence is not legal ground for a reversal of the judgment. (*Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812.)

Where the issues raised upon an appeal from the judgment have been disposed of on appeal from an order on motion for new trial in the same case, the appeal from the judgment will be dismissed. (*Coats v. Harris,* 9 Ida. 470, 75 Pac. 246.)

McCARTHY, J.—In this case the appeal from the order denying the new trial was dismissed and the case stands on the appeal from the judgment. The specifications of error are that the court erred in giving certain instructions

and refusing certain offered instructions and that the judgment is contrary to law and the evidence.

Respondent contends that the alleged errors in giving and refusing instructions cannot be reviewed, for the reason that the instructions are not contained in the reporter's transcript or in a bill of exceptions. (*Minneapolis Threshing M. Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99; *King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Crowley v. Croesus Gold etc. Co.*, 12 Ida. 530, 86 Pac. 536; *Steinour v. Oakley State Bank*, 32 Ida. 91, 177 Pac. 843.) In the instant case appellant's praecipe to the clerk called for the instructions given by the court and instructions offered by appellant and refused. They are embodied in the clerk's transcript as part of the files in the action. The certificate of the clerk states that his transcript contains a full and true copy of the instructions given and the instructions refused and that they are part of the files. After the decisions just above named, C. S., sec. 7163, was amended to read as follows, the amendment being italicized: "On appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 6886, upon which the appellant relies, *and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court.*"

This court said, in *Stringer v. Redfield*, 34 Ida. 378, 201 Pac. 714: "The amendment consisted of adding to the section as it formerly stood the words in italics in the above quotation. It may be and probably is, true that in cases in which the trial judge has filed with the clerk the instructions given and instructions requested by the parties, with his indorsements thereon, and they have been included in the record in response to a *praecipe* filed by appellant, they may be subject to review under the two sections above mentioned, without being preserved in a formal bill of exceptions."

While that expression is *obiter dictum,* it was advisedly made, and we approve it. The instructions, having been filed with the clerk and included and certified by him in response to appellant's praecipe, are subject to review under C. S., sec. 7163.

Respondent also contends that, where the issues raised upon an appeal from the judgment have been disposed of on appeal from an order denying a motion for a new trial, the appeal from the judgment should be dismissed. (*Coats v. Harris,* 9 Ida. 470, 75 Pac. 246.) In that case the court entertained the appeal from an order denying a new trial and disposed of all the points raised. In the instant case the points raised by the appeal from the order denying a new trial were not passed upon, because that appeal was dismissed.

Respondent contends that the specification that the judgment is contrary to law and evidence is not sufficient, citing *Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812. In that case the court held that insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial, that a motion for a new trial should be directed to the verdict and not to the judgment. In the instant case we are considering the appeal from the judgment, not the appeal from the order denying a new trial, and the case cited is not in point. The question of the insufficiency of the evidence to support the judgment may be raised on the reporter's transcript if presented by a specification of insufficiency in the brief. (C. S., sec. 6886, subd. 3; *Citizens' Right of Way Co. v. Ayers,* 32 Ida. 206, 179 Pac. 954.) Specification of error No. 4 is as follows: "That the judgment of the court is contrary to law and evidence for each of the reasons hereinbefore set forth."

This refers back to the preceding specifications, including No. 1, which raises the point that the court erred in refusing to grant the motion for a new trial, and sets forth the particulars in which the evidence is insufficient to support the verdict. While specification No. 1 cannot be considered by itself, because the appeal from the order denying

a new trial was dismissed, yet the particulars of insufficiency set forth in it are referred to by, and made part of, No. 4. The particulars in which the evidence is insufficient to support the judgment are thus presented in the brief.

We come now to the merits of the appeal. The proof, pursuant to the pleadings, shows that the Meadow Valley Live Stock Co., a corporation, left with respondent for care and feeding certain livestock belonging to it upon which the Weiser National Bank had two chattel mortgages, duly recorded. The mortgage debts fell due and the appellant, as sheriff of Canyon county, took and sold the livestock in foreclosure proceedings initiated by the bank. Respondent contended that he had an agister's lien which was superior to the lien of the bank's chattel mortgages. Appellant and the bank refusing to recognize his lien and pay the debt, respondent sued appellant for the amount of his bill and recovered judgment for the full amount upon the verdict of the jury. The court instructed the jury that the mortgage lien of the bank was superior to respondent's lien unless the jury should find that it was with the knowledge and consent of the bank, express or implied, that the livestock company left the said livestock with respondent for wintering; also that if the Weiser National Bank consented, either expressly or by implication, to respondents keeping and caring for the livestock, the taking of the sheriff was wrongful and he was liable to respondent in damages; also that before the jury could conclude that the mortgagee bank consented by implication to the keeping of the livestock by respondent, it must believe from the evidence that the bank either knew or was in possession of facts and circumstances which would charge it with knowledge that the stock was being kept by respondent.

The weight of authority and the better reason hold that the lien of a chattel mortgagee is superior to an agister's lien, where the former is prior in time, unless the services upon which the agister's lien is based were performed with the consent of the mortgagee, either express or implied from the circumstances. (*Wilson v. Donaldson*, 121 Cal. 8, 53

Pac. 404, 43 L. R. A. 524; *Storms v. Smith,* 137 Mass. 201; *Howes v. Newcomb,* 146 Mass. 76, 15 N. E. 123; *Ingalls v. Vance,* 61 Vt. 582, 18 Atl. 452; *Hanch v. Ripley,* 127 Ind. 151, 26 N. E. 70, 11 L. R. A. 61; Jones on Chattel Mortgages, sec. 472.) This rule is especially applicable where, as in Idaho, a chattel mortgage does not pass legal title to the mortgagee, but merely creates a lien on the property. (*Wilson v. Donaldson, supra.*) The uncontradicted evidence in the instant case shows that the livestock were left with respondent by the livestock company on or about January 13, 1918, without the knowledge or consent of the bank; that on or about February 17th or 18th the bank received a letter from an officer of the livestock company saying that the stock had been left with respondent; that to this letter the bank replied inquiring whether or not the company had made arrangements to pay respondent; that on or about February 24th the bank received a reply saying that the company could not pay respondent; that on February 27th the bank started foreclosure proceedings on its first mortgage which covered part of the livestock and was then past due. The second mortgage covering the rest of the stock was not yet due at that time. At the time of foreclosing the first mortgage the bank demanded that respondent surrender the livestock covered by the second mortgage but respondent refused to do so. Later, when the second mortgage fell due, the bank foreclosed it and sold the rest of the livestock. There is absolutely no evidence tending to show that the bank consented, expressly or impliedly, that the livestock company should deliver the livestock to respondent for care and feeding. On the contrary, the uncontradicted evidence shows that the livestock were delivered to respondent without the bank's knowledge, and that, as soon as it learned that the livestock were in the possession of respondent and that the mortgagor was not going to pay the bill, the bank proceeded diligently to enforce its rights by foreclosure. The court was not justified in instructing the jury on the theory of an express or implied consent of the mortgagee. Moreover, since the only

theory upon which the judgment can be sustained is that the mortgagee gave such consent, and the evidence utterly fails to show this, the judgment is contrary to the evidence and the law.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed. Costs are awarded to appellant.

Dunn and Lee, JJ., concur.