(March 30, 1922.)

SWEANEY & SMITH COMPANY, a Corporation, and THE WEISER LOAN AND TRUST COMPANY, a Corporation, Respondents, v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY OF ST. PAUL, MINNESOTA, a Corporation, Appellant.

[206 Pac. 178.]

APPEAL AND ERROR—SUPPLEMENTAL TRANSCRIPT—JOINDER IN ERROR—INSTRUCTIONS NOT PROPERLY IN RECORD—PRAECIPE—DIMINUTION OF RECORD—FIRE INSURANCE—CONSTRUCTION OF POLICY—WATCHMAN CLAUSE—WARRANTY OR REPRESENTATION—WAIVER OF PROOF OF LOSS.

1. A so-called supplemental transcript which was not settled or allowed by the trial court as provided by C. S., sec. 6886, or at all, nor filed in the supreme court within the time prescribed by its rules, is not subject to review upon appeal.

2. A stipulation by counsel to the effect that the trial judge might settle the transcript on appeal, "no error appearing therein that either party cares to suggest," constituted a joinder in error and an admission that the transcript when so settled should be deemed a true and correct record for the purposes of the appeal. Neither party was thereafter in a position to raise the question of diminution of the record, so far as the joinder in error extended.

3. Under the provisions of C. S., secs. 6886 and 7163, instructions given and refused by the trial court, which are included in the clerk's transcript but are not certified to by the clerk or called for by the praecipe, cannot be regarded as part of the record on appeal and are not subject to review.

4. C. S., secs. 7163 and 7166, do not make papers, records and files in the office of the clerk below a part of the official record on appeal unless specified by the praecipe of appellant. If the praecipe as filed fails to designate such papers, records and files,

or if no praecipe be filed, the official record in the appellate court consists only of the judgment-roll and any bill of exceptions or reporter's transcript filed in the case.

5. If the appellant fails by his praecipe to require papers, records and files sent up for review, it is his error, and he cannot thereafter be permitted by suggestion of diminution of the record, to bring up to the appellate court such papers, files and records.

6. After the record on appeal has been filed in the appellate court, appellant cannot be permitted to file an amended praecipe, designating therein certain papers, records or files which he failed to include in the original praecipe, since he cannot be heard to complain of his own error.

7. Under the provisions of C. S., sec. 6886, the instructions of the trial court should be incorporated in the reporter's transcript or in a bill of exceptions, settled and allowed.

8. Where a clause in an insurance policy is susceptible of more than one construction, the construction most favorable to the insured should be adopted. Contracts of insurance are to be considered in view of their general objects rather than on the basis of a strict technical interpretation.

9. *Held,* in the instant case, that it appears from the evidence that respondents exercised reasonable care and diligence in complying with the watchman clause of their insurance policies, and in the absence of proof that their failure to comply strictly with the provisions thereof occasioned the loss, they are entitled to the protection of said policies.

10. Where after loss by fire the adjuster for the insurance companies involved made a thorough investigation of the loss and offered to settle upon the basis of fifty per cent of the face of the policies, this constituted a waiver of proof of loss by a duly authorized agent of the companies and an acknowledgment of their liability, which justified the insured in believing that no formal proof of loss would be necessary.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action to recover on fire insurance policy. Judgment for plaintiffs. *Affirmed.*

Karl Paine and Geo. Donart, for Appellants.

Parol evidence is inadmissible to vary an insurance contract. (*Northern Assur. Co. v. Grand View Building Assn.,*

183 U. S. 308, 22 Sup. Ct. 133, 46 L. ed. 213; *Penman v. St. Paul Fire & Marine Ins. Co.,* 216 U. S. 311, 30 Sup. Ct. 312, 54 L. ed. 493; *Lumber Underwriters of New York v. Rife,* 237 U. S. 605, 35 Sup. Ct. 717, 59 L. ed. 1140; *Kentucky Vermillion Mining & Concentrating Co. v. Norwich Union Fire Ins. Soc.,* 146 Fed. 695, 77 C. C. A. 121; *Messelback v. Norman,* 122 N. Y. 578, 26 N. E. 34.)

"It is frequently customary to insert in the modern policy certain stipulations as to the prevention of fire by the employment of a watchman. When such a stipulation amounts to a promissory warranty, it is immaterial that the breach had nothing to do with the loss." (19 Cyc. 760; *Frick v. Millers' Nat. Ins. Co.* (Mo.), 184 S. W. 1161; Joyce on Insurance, sec. 1962; *McKenzie v. Scottish Union & National Ins. Co.,* 112 Cal. 548, 44 Pac. 922; *Ripley v. Aetna Ins. Co.,* 30 N. Y. 136, 86 Am. Dec. 362; *Bond v. National Fire Ins. Co.,* 83 W. Va. 105, 97 S. E. 692.)

"This warranty is not satisfied by an occasional tour of inspection, but requires that the watchman should be on duty at all times so that a fire would not progress without discovery." (19 Cyc. 760; *Shoshone Con. Co. v. Hamburg-Bremen Fire Ins. Co.,* 64 Wash. 638, 117 Pac. 500; *Mackintosh v. Agricultural Fire Ins. Co.,* 150 Cal. 440, 119 Am. St. 234, 89 Pac. 102; *Rankin v. Amazon Ins. Co.,* 89 Cal. 203, 23 Am. St. 460, 26 Pac. 872.)

The court should have instructed the jury that denial of liability by appellants on the ground of a failure to comply with necessary requirements of the policies was not a waiver of the provision requiring submission of proofs of loss, unless such denial occurred within the time fixed by the policies for making such proof. (*North British & Merc. Ins. Co. v. Lucky Strike Oil & Gas Co.* (Okl.), 173 Pac. 845.)

Ed. R. Coulter, Frank D. Ryan and L. L. Burtenshaw, for Respondents.

The supplemental transcript was not served or filed within the time prescribed by the trial judge, or any of the exten-

sions thereof, made under the provisions of subd. 1, sec. 6886, C. S. By settling the original transcript on Feb. 10, 1920, the trial judge lost jurisdiction to settle or allow said proposed supplemental transcript. (*Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920; *Stine Lumber etc. Co. v. Hemenway,* 32 Ida. 163, 179 Pac. 505; *Robinson v. St. Maries Lumber Co.,* 32 Ida. 651, 186 Pac. 923; *German Fire Ins. Co. v. Zonker,* 57 Ind. App. 696, 108 N. E. 160.)

Appellants are not entitled to a diminution of the record and are estopped from making application for the same and have not shown due diligence. (2 R. C. L. 154; *Tomlinson v. Armour & Co.,* 75 N. J. L. 748, 70 Atl. 314, 19 L. R. A., N. S., 923; 3 Cyc. 143; *Mobile Mut. Ins. Co. v. Cleveland,* 76 Ala. 321; *Earle v. Byrd,* 14 Ark. 499; *Central v. Wilcoxen,* 3 Colo. 566; *Bates v. Ball,* 72 Ill. 108; *Carolan v. Township Board of Education,* 81 Ill. App. 359; *Howard v. Folger,* 15 Me. 447; *People v. Judge of Manistee Circuit,* 31 Mich. 72; *Patrick v. McKernon,* 5 How. (Miss.) 578; *Cory v. Somerset,* 44 N. J. L. 445; *Cheetham v. Tillotson,* 4 Johns. (N. Y.) 499; 2 C. J. 496; *Hoffman v. Loudon,* 96 Mo. App. 184, 70 S. W. 162; *Peterson v. Beals* (Or.), 201 Pac. 727.)

Assignments of error 2 to 15, inclusive, cannot be considered on appeal, for the reason that the same were not embodied in the reporter's transcript or saved by bill of exceptions. (Sec. 6886, C. S.; *Minneapolis Threshing Machine Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Crowley v. Croesus Gold & Copper Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

A recognition of liability by offering to pay part of the loss, or make settlement, or denial of liability on grounds other than failure to furnish proof of loss, or a course of conduct on the part of the insurer that leads the insured to believe that formal proofs of loss will not be required, waives formal proofs of loss. (14 R. C. L. 1197, 1349, pars. 521, 522; *Teasdale v. City of New York Ins. Co.,* 163 Iowa, 596, Ann. Cas. 1916A, 591, 145 N. W. 284; *Griffith v.*

*Anchor Fire Ins. Co.,* 143 Iowa, 88, 120 N. W. 90; *Helvetia Swiss Fire Ins. Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, 53 Pac. 242; *Providence-Washington Ins. Co. v. Wolf,* 168 Ind. 690, 120 Am. St. 395, 80 N. E. 26; *Caledonian Fire Ins. Co. v. Traub,* 86 Md. 86, 37 Atl. 782; *Theriault v. California Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719.)

The insured substantially complied with the watchman clause by having a watchman both day and night, but in any event appellants were bound by the interpretation placed on the watchman clause by agent Henke, and were estopped to deny that there was a forfeiture of the policies. (14 R. C. L. 1166, 1171, 1181, 1182 and 1188; *Theriault v. California Ins. Co., supra; Kansas Mill Owners' etc. Ins. Co. v. Metcalf,* 59 Kan. 383, 53 Pac. 68; *Hanover Fire Ins. Co. v. Gustin,* 40 Neb. 828, 59 N. W. 375.)

The watchman clause was a rider and not a clause in the policies, and should be construed as a representation and not a warranty. As the fire originated at the time when a watchman was on duty the appellants are liable where the loss was not attributable to the failure to keep a watchman. (*Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Goddard v. East Texas Fire Ins. Co.,* 67 Tex. 69, 60 Am. Rep. 1, 1 S. W. 906; *Kansas Mill Owners' etc. Ins. Co. v. Metcalf, supra.*)

BUDGE, J.—This action was brought by respondents to recover from appellant the sum of $4,000 upon a fire insurance policy in that amount, covering a flour-mill at Midvale, owned by respondent Sweaney & Smith Company, upon which respondent The Weiser Loan and Trust Company held a mortgage.

It appears that respondents are both domestic corporations, and that appellant is a Minnesota corporation, which has complied with the requirements of the law of this state relating to foreign corporations. The mill, consisting of three buildings of the alleged value of $8,000, and of machinery, furniture and fixtures of the alleged value of

$12,000, and insured in the total amount of $12,000, of which $4,000 was carried by appellant, $2,000 by the American Central Insurance Company, $1,000 by the Hartford Insurance Company, and $5,000 by the Reliance Insurance Company of Philadelphia, was destroyed by fire on the night of June 8, 1918. Several days after the fire, one Hall, adjuster for the insurance companies, arrived at Midvale, where he saw Mr. Smith, president of Sweaney & Smith Company, and spent two or three days estimating the loss and going over the books showing the contents of the mill and materials used in its construction, after which he made a detailed statement and estimate of the loss. About three weeks later he returned to Midvale and offered to settle with respondents on the basis of fifty per cent of the face of the policies, stating he would not pay more "because of the watchman clause," which was embraced in a "rider" attached to the policies after their issuance and delivery to respondents, providing as follows: "It being warranted by the assured that whenever the mill described by this policy is idle or not in operation for any cause whatever, competent watchmen shall be employed and due diligence used to keep a continuous watch, both day and night, in and immediately about said parts of the mill. If the above mill is idle or not in operation for more than sixty days, this policy shall be void. . . . . "

The evidence shows that Smith was in charge of a store at Midvale, situated about 600 or 700 feet from the mill; that after the watchman clause was attached to the policies, he employed an extra man at the store so that he could devote time to watching the mill during the day; that he could at all times observe the mill from the store, and visited the mill five or six times daily, spending considerable time there; that Smith employed one Nelson as night watchman, and that the latter was in the mill, performing his duties as watchman, when the fire began. The exact cause of the fire is not disclosed in the record, the only explanation being that an engine was going back and forth close to the mill just prior to the fire.

For the purposes of the trial, this action was consolidated with an action against each of the other insurance companies. The jury found in favor of respondents and rendered a separate verdict, and a separate judgment was entered, against each of the companies, all of which have appealed.

This cause was tried on March 28 and 29, 1919. Judgment was filed and entered April 7, 1919. Notice of appeal was served and filed May 9, 1919. The order for the reporter's transcript is dated May 20, 1919, and filed May 21, 1919. The praecipe filed with the clerk of the district court is dated May 21, 1919. On February 12, 1920, and after the completion of the transcript on appeal, counsel for the respective parties entered into the following stipulation, pursuant to which the court on the same day settled the reporter's transcript: "It is hereby stipulated and agreed by and between the attorneys for the respective parties in the above-entitled cause that the judge of the above-entitled court may without notice to either party make an order settling the reporter's transcript of the evidence and proceedings had in the above-entitled cause, no error appearing therein that either party cares to suggest."

The completed transcript was filed in this court on Feb. 24, 1920. Briefs for the respective parties were thereafter filed. On Dec. 31, 1921, appellant filed a motion in the district court for an order requiring the official reporter to prepare and lodge a supplemental transcript, containing the instructions given and refused. On Dec. 31, 1921, the court reporter, pursuant to an order of the court, lodged with the clerk a supplemental transcript containing the instructions given and refused. On Jan. 14, 1922, an amended praecipe was served upon the clerk, which was in substance the same as the original except that it directed the clerk to prepare as a part of his record the instructions given and refused. On Jan. 17, 1922, appellant made a motion for an order that the supplemental transcript be settled, to which respondents served and filed objections. The court refused to settle the supplemental transcript further than to iden-

tify the instructions given and refused as contained therein. On Feb. 4, 1922, said supplemental transcript was lodged with the clerk of this court.

It is insisted by respondents that this supplemental transcript cannot be filed in or considered by this court inasmuch as it was not served or filed within the time prescribed by the trial judge for the filing of the completed transcript, or any extension thereof made under the provisions of C. S., sec. 6886, subd. 1, which provides that:

"Any party desiring to procure a review on appeal to the supreme court of any ruling of the district court made during the trial, or the sufficiency of evidence to sustain the verdict or decision, in an action . . . . may, in lieu of preparing, serving and procuring the settlement of a bill of exceptions . . . . procure a transcript of the testimony and proceedings, including the instructions given or refused, and exceptions thereto, on the trial, or such part thereof as may be necessary, in the following manner:

"1. He shall first procure from the district judge an order directing the reporter to prepare said transcript or specified portion thereof, which order shall limit the time within which the reporter shall complete and lodge the same. . . . . It shall be the duty of the reporter, upon service of said copy of order and receipt of his estimated fees, to forthwith prepare said transcript and to complete the same and lodge the original and copies with the clerk of the district court within the time allowed by said order, or within such further time as the district judge may, by order, allow, . . . . "

This supplemental transcript is not subject to review, for the reason that it was not settled and allowed as provided by C. S., sec. 6886, and was not settled at all by the trial court, nor was it filed in this court within the time required by rules 26 or 28. Rule 26 provided that in all cases where an appeal was perfected or writ of error issued the transcript of the record must be served upon the adverse party and filed in this court within sixty days (now ninety days) thereafter. Rule 28 provides that this time may be extended by an order of this court or a justice thereof, upon good cause

Opinion of the Court—Budge, J.

shown. Rule 29 provides that if the transcript of the record is not filed within the time prescribed by rules 26 and 28, the appeal may be dismissed, after five days' notice of the motion to dismiss, accompanied by copies of all moving papers, served upon the adverse party. While a compliance with rules 26 and 28 is not necessarily jurisdictional, there is no sufficient showing of diligence in this case which would justify this court in permitting the filing of the supplemental transcript. Moreover, there is no such thing known to the appellate practice of this court as a supplemental reporter's transcript such as is sought to be filed in this case.

Neither can this transcript be used in reference to the question of diminution of the original record, for the reason that the stipulation by the parties that the judge might settle the transcript, "no error appearing therein that either party cares to suggest," constituted a joinder in error, and an admission that the transcript when so settled should be a true and correct record for the purposes of this appeal. Neither party was thereafter in a position to suggest a diminution of the record so far as the joinder in error extended. (4 C. J., Appeal and Error, sec. 2243, p. 496.)

Appellant makes 18 assignments of error. Assignments 2 to 15, inclusive, are predicated upon the action of the court in giving and refusing to give certain instructions.

These instructions are not contained in the reporter's transcript or in a bill of exceptions settled and allowed. While certain purported instructions appear in the clerk's transcript, they are not there pursuant to the praecipe, which does not call for the instructions given and refused, nor are they certified to by the clerk as being the instructions given and refused upon the trial.

C. S., sec. 6886, provides that the instructions given or refused and the exceptions thereto taken on the trial must be included in the reporter's transcript and settled as therein provided, in order to be considered on appeal. C. S., sec. 7163, makes a part of the record on appeal "all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court."

In *Minneapolis Threshing Machine Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99, this court held that: "Unless the alleged errors of the court in giving and refusing instructions to the jury are presented by the reporter's transcript, they can only be reviewed when saved by a bill of exceptions."

See, also, *Crowley v. Croesus Gold etc. Min. Co.,* 12 Ida. 530, 86 Pac. 536.

In *Stringer v. Redfield,* 34 Ida. 378, 201 Pac. 714, decided since the amendment of sec. 7163, *supra,* in 1919 (Sess. Laws 1919, c. 143, p. 437), it is said: "Where the record on appeal contains no reporter's transcript, and no bill of exceptions containing the instructions to the jury given and refused, and the clerk's transcript contains what purports to be the instructions given and refused, which are not included therein in response to the praecipe filed by appellant with the clerk and are not included in the clerk's certificate of the transcript, such instructions cannot be reviewed on appeal from the judgment."

In *Marnella v. Froman,* ante, p. 21, 204 Pac. 202, construing C. S., sec. 7163, as amended, this court held that: "When instructions given and refused are filed with the clerk, and included in the clerk's transcript, in obedience to the praecipe, and duly certified by the clerk, they are subject to review on appeal."

From a consideration of secs. 6886 and 7163, *supra,* and the cases mentioned, it becomes apparent that instructions given and refused, which are included in the clerk's transcript not in obedience to the praecipe, and are not certified by the clerk, cannot be regarded as a part of the record on appeal and are not subject to review.

C. S., sec. 7163, provides that on appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, judgment-roll, and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 6886, upon which the appellant relies, and of all papers, records, and files designated in the praecipe filed by appellant with the clerk of the district court. C. S.,

sec. 7166, provides that the appellant within five days from the filing of the notice of appeal shall file with the clerk a praecipe for a transcript, designating therein the papers or files which he desires to be made a part of the clerk's transcript on appeal.

In *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12, and *Clear Lake P. & I. Co. v. Chriswell,* 31 Ida. 339, 173 Pac. 326, this court held that this direction of the statute requiring the filing of a praecipe is directory and not mandatory. It would seem to follow that if no praecipe be filed and the clerk below without a praecipe prepares and certifies to this court the record to be used on appeal from a final judgment, the same is subject to review. However, the statute does not make papers, records and files in the office of the clerk below a part of the official record on appeal unless specified by the praecipe of appellant. If the praecipe actually filed fails to designate such papers, records and files, or if no praecipe be filed, then the official record in this court consists only of the judgment-roll and any bill of exceptions filed in the case. Therefore the appellant, if he fails by his praecipe to require papers, records and files sent up for review, it is his error and he cannot thereafter by suggestion of diminution of the record, bring up to this court such papers, files and records. In such a case a suggestion of the diminution of the record would only justify bringing up to this court omitted portions of the judgment-roll or a bill of exceptions filed in the case. It is also clear that after the record has been filed in this court, appellant cannot be permitted to file an amended praecipe, designating therein certain papers, records or files which it failed to include in the original praecipe, for the reason that it cannot complain of its own error.

While this court has held that the instructions given and refused may be reviewed if contained in the clerk's transcript in pursuance to a praecipe, and are properly certified to by the clerk in his certificate settling his transcript, the proper place for the court's instructions is in the reporter's transcript or in a bill of exceptions, settled and allowed.

Appellant's first assignment seeks to predicate error upon the action of the court in admitting in evidence, over its objection, the testimony of Smith regarding a conversation with Hinkey, local agent for the insurance companies except the Reliance Insurance Company, as to what should be regarded as a compliance with the watchman clause. It appears that Smith advised Hinkey as to the manner in which respondents were complying with the watchman clause, and was assured by the latter that this was a sufficient compliance.

It is urged that this evidence was inadmissible for the reason that each of the policies provided that: "No officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy be claimed by the insured unless so written or attached."

The testimony complained of was not offered for the purpose of varying the terms of the policy, nor does it tend to have that effect, but rather to show what should be regarded as a compliance with the terms of the watchman clause and that the system adopted by respondents constituted the employment of competent watchmen and the use of due diligence to keep a continuous watch, both day and night, in and immediately about said parts of the mill. There is no claim here that the agent waived any conditions of the policy, but only that he construed certain words contained in it in a certain way, and it is obvious that the provision that no agent should have authority to waive any provision or condition of the policy is not involved in the determination of this case. (*Hotchkiss v. Phoenix Ins. Co.*, 76 Wis. 269, 20

Am. St. 69, 44 N. W. 1106; 2 Joyce on Insurance, 2d ed., sec. 439.)

Moreover, the admission of evidence of a construction placed upon the clause by the companies' agent, even though erroneous, could not constitute prejudicial error under the facts of this case.

It has been almost universally held that insurance policies will be strictly construed against the insurer, and liberally construed in favor of the insured. (*Stebbins v. Westchester Fire Ins. Co.,* 115 Wash. 623, 197 Pac. 913.)

The use of the word "warranted" in the watchman clause adds nothing to the force of the stipulation. The expression of the word "warranty" does not necessarily constitute a warranty, and it must be used in its ordinary signification. (*Port Blakely Mill Co. v. Springfield Fire & Marine Ins. Co.,* 59 Wash. 501, 140 Am. St. 863, 110 Pac. 36.) Furthermore, it will be observed that the rider upon which the watchman clause appears also provides that "if the above mill is idle or not in operation for more than sixty days, this policy shall be void." It is not provided that the policy shall be void if competent watchmen are not employed and due diligence used to keep a continuous watch, both day and night, and, under the rule of *"expressio unius est exclusio alterius,"* the policy could not be held void for failure to comply strictly with this latter provision. If such had been the intention, appropriate words would have been used to that effect.

While it may be, and doubtless is, true that the insurance company would have a right to make a contract avoiding the policy for failure to comply strictly with the watchman clause, and, if such contract were made, that it would be the duty of the court to enforce it, yet it must clearly appear from the whole contract, considering both the language and its arrangement, that such was the intention. (*Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86.) Forfeitures are not favored by the law (*Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458, at 460), and a clause in an insurance policy being susceptible of more than one

construction, the one most favorable to the insured will be adopted. (*National Mut. Fire Ins. Co. v. Duncan,* 44 Colo. 472, 98 Pac. 634, 20 L. R. A., N. S., 340.)  Contracts of insurance should be considered in view of their general objects and the conditions prescribed by the insurers, rather than on the basis of a strict technical interpretation. (*Raulet v. Northwestern Nat. Ins. Co. of Milwaukee,* 157 Cal. 213, 107 Pac. 292.)

Conceding, however, for the purposes of this case that the watchman clause here involved is a warranty and not a representation, nevertheless a breach of its provisions would not avoid the policy nor prevent a recovery upon the policy in the absence of a showing that such breach was a contributing cause of the loss.

The evidence in this case shows a substantial compliance with the provisions of the watchman clause, and this is all that the law requires.  The tendency of the more recent cases is to require that the watchman clause in a fire insurance policy shall be substantially rather than strictly complied with. (*McGannon v. Michigan Millers' Mut. F. Ins. Co.,* 127 Mich. 636, 89 Am. St. 501, 87 N. W. 61, 54 L. R. A. 739; *Hanover F. Ins. Co. v. Gustin,* 40 Neb. 828, 59 N. W. 375.)

In *Sierra Milling etc. Co. v. Hartford F. Ins. Co.,* 76 Cal. 235, 18 Pac. 267, it was held that a watchman clause which requires that a watchman shall be employed to be in and upon the premises insured, day and night, is complied with where at the time of the fire a watchman is on duty, although he is not actually in the insured buildings, but is standing a short distance therefrom.  It is not necessary for the watchman to be actually on or in the property insured; it is sufficient if he is near to the insured property. (*Andes Ins. Co. v. Shipman,* 77 Ill. 189.)  The case of *Shoshone Concentrating Co. v. Hamburg-Bremen F. Ins. Co.,* 64 Wash. 638, 117 Pac. 500, holds that the watchman clause is not complied with where watchmen are employed to watch intermittently and at some distance from the insured property, but in that case it appeared that if the watchmen "had

been employed to keep 'a continuous watch . . . . in and immediately around' the premises, *the property would not have been destroyed."*  As was said in *Kansas Mill Owners & Manufacturers' Mut. Fire Ins. Co. v. Metcalf,* 59 Kan. 383, 53 Pac. 68: "It [the watchman clause] does not require that the sole duty of the watchman shall be to watch, and that he shall always be present.  He may perform other duties, if they do not materially impair his usefulness as a watchman, and he may be temporarily or casually absent, whenever a man of reasonable skill and prudence, exercising reasonable and ordinary diligence would do the same.  The functions and duties of a watchman vary in different places and circumstances, according to the danger to which the property is exposed, and the nature and value of the property.  The court cannot, in the nature of things, precisely define what particular care a watchman should exercise.  The jury must determine that in the particular case."

That respondents exercised reasonable care and diligence to comply with the watchman clause is fully apparent from the evidence, and in the absence of proof that their failure to comply strictly with the provisions thereof occasioned the loss, they are entitled to the protection of the policy. (*Hanover Fire Ins. Co. v. Gustin, supra; Theriault v. California Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, and note at p. 821, 149 Pac. 719; note, 21 Ann. Cas. 845, at 848; *Hart v. Niagara Fire Ins. Co., supra.*)

There is no merit in appellant's contention that the right of respondents to recover upon their policies was barred by their failure to make proof of loss within the time limited in the policies.  The adjuster for the insurance companies made a thorough investigation of the loss and offered to settle upon the basis of fifty per cent of the face of the policies.  This was a waiver of proof of loss by a duly authorized agent of the companies, and an acknowledgment of their liability, so as to lead the insured to believe that no formal proof of loss would be necessary.  (*Tomuschat v. North British etc. Ins. Co.,* 77 N. H. 388, Ann. Cas. 1915D, 1155, 92 Atl. 329; *Teasdale v. City of New York Ins.*

*Co.,* 163 Iowa, 596, Ann. Cas. 1916A, 591, and note at p. 594, 145 N. W. 284.)

We have examined the numerous errors assigned by appellant but find no reversible error. The judgment is therefore affirmed. Costs are awarded to respondents.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.